UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SOCORRO GOMEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>    Defendant. | Case No. CV 16-03052-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Socorro Gomez ("Plaintiff") appeals from the Social Security Commissioner's final decision denying her application for Social Security Disability Insurance Benefits ("DIB"). For the reasons discussed below, the Commissioner's decision is reversed and this case is remanded for further proceedings.

///

---

[1] On January 23, 2017, Berryhill became the Acting Social Security Commissioner. Thus, she is automatically substituted as defendant under Federal Rule of Civil Procedure 25(d).

# I.
# BACKGROUND

Plaintiff filed an application for DIB on February 25, 2013. Administrative Record ("AR") 71, 138-39, 155-56. After her application was denied, she requested a hearing before an Administrative Law Judge ("ALJ"). AR 80-81. A hearing was held on May 5, 2014, at which Plaintiff, who was represented by counsel, testified with the assistance of an interpreter. AR 25, 38-62. The ALJ also called a vocational expert ("VE") to testify about Plaintiff's past relevant work. AR 38-41, 57-61. In a written decision issued on July 1, 2014, the ALJ denied Plaintiff's claim for benefits. AR 19-37. In reaching his decision, the ALJ found that Plaintiff had the severe impairments of right carpal tunnel syndrome status-post surgical release, bilateral shoulder rotator cuff syndrome, and cervical and lumbar strains. AR 27. The ALJ found that despite those impairments, Plaintiff retained the residual functional capacity ("RFC") to perform light work with several additional limitations. AR 28. Based on the VE's testimony, the ALJ found that Plaintiff could perform her past relevant work as a "seamstress (sewing machine operator)" as it is generally performed. AR 33. He therefore concluded that Plaintiff was not disabled. AR 33-34.

Plaintiff requested review of the ALJ's decision. AR 16-17. On March 7, 2016, the Appeals Council denied review. AR 1-9. This action followed.

# II.
# DISCUSSION

The parties dispute whether the ALJ erred in determining that Plaintiff was capable of performing her past relevant work. See Joint Stipulation ("JS") at 4.

///
///

## A. Relevant Facts

At the hearing, Plaintiff testified that she has a sixth-grade education, reads and writes in Spanish, and can read and write in English "[a] little bit." AR 43. Plaintiff stopped working as a seamstress in August 2010 as the result of arm and wrist injuries. AR 44-45.

The ALJ presented the VE with a series of hypotheticals related to Plaintiff's RFC. AR 58-59. The VE responded that a person with Plaintiff's limitations could perform Plaintiff's past relevant work, which he referred to as either a seamstress or sewing-machine operator, Dictionary of Occupational Titles ("DOT") 787.682-046. Id. But he did not specify whether such a person could perform Plaintiff's past work as actually or generally performed. See id.

In his decision, the ALJ found that, "based on her written reports and testimony," Plaintiff's past relevant work was "actually performed . . . as sedentary to medium work." AR 33. Thus, Plaintiff's past work as actually performed was precluded by her RFC, which limited her to light work. See AR 28. But the ALJ relied on the VE's testimony in concluding that Plaintiff was not disabled because she could perform her past work as generally performed:

> In accordance with SSR 00-4p, the undersigned has determined that the testimony provided by the vocational expert is consistent with the information contained in the DOT. [¶] Based on the testimony of the vocational expert, the undersigned finds that [Plaintiff] is able to perform her past relevant work as a sewing machine operator as it is generally performed.

AR 33.

## B. Applicable Law

The ALJ's determination that Plaintiff was able to perform her past relevant work as a sewing-machine operator was made at step four of the Social Security Administration's five-step disability determination process. At

step four, the claimant has the burden of showing that she can no longer perform her past relevant work. Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001) (citing 20 C.F.R. § 404.1520(e)). "The claimant has the burden of proving an inability to return to [her] former type of work and not just to [her] former job." Villa v. Heckler, 797 F.2d 794, 798 (9th Cir. 1986) (emphasis omitted). Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion. SSR 82-62, 1982 WL 31386, at *4 (Jan. 1, 1982). This is done by looking at the "residual functional capacity and the physical and mental demands" of the claimant's past relevant work. Pinto, 249 F.3d at 844-45; accord § 404.1520(f). If the ALJ determines that the claimant can perform the functional demands and duties of her past relevant work either as she actually perform it or as it is generally performed in the national economy, then the claimant is not disabled. Pinto, 249 F.3d at 845; § 404.1520(f).

The DOT is the best source of information about how a job is generally performed. Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1166 (9th Cir. 2008); see also 20 C.F.R. § 404.1566(d)(1) (noting that Social Security Administration takes administrative notice of DOT). To rely on a VE's testimony regarding the requirements of a particular job, an ALJ must first inquire as to whether the testimony conflicts with the DOT. Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing SSR 00-4p, 2000 WL 1898704, *4 (Dec. 4, 2000)). When such a conflict exists, the ALJ may accept VE testimony that contradicts the DOT only if the record contains "persuasive evidence to support the deviation." Pinto, 249 F.3d at 846 (citing Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995)).

**C.     Analysis**

Plaintiff contends that she does not have the language ability to perform her past relevant work. See JS at 4-10, 13-15. Relying on Meanel v. Apfel, 172

4

F.3d 1111, 1115 (9th Cir. 1999) (as amended), the Commissioner argues that Plaintiff waived the right to raise in this Court the "issue regarding her linguistic ability to perform the job identified" by failing to raise it at the administrative hearing. JS at 10-11.

In <u>Meanel</u>, the plaintiff presented new statistical evidence for the first time on appeal, thus depriving the Commissioner of an opportunity to evaluate that evidence. <u>See</u> 172 F.3d at 1115. As the court noted, "[t]he ALJ, rather than this Court, was in the optimal position" to resolve the conflict between the new evidence and the evidence the VE provided at the hearing. <u>Id.</u> Here, by contrast, Plaintiff does not introduce new evidence but rather contends that the ALJ erred in his assessment of the existing evidence regarding her language skills. Moreover, unlike the plaintiff in <u>Meanel</u>, Plaintiff raised the issue before the Appeals Council. <u>See</u> AR 190-93. Accordingly, the Court declines to find waiver in this case.

The DOT provides that the sewing-machine operator position requires Level 2 language skills. <u>See</u> DOT 787.682-046, 1991 WL 681100. According to the DOT, a person with Level 2 language proficiency has a "[p]assive vocabulary of 5,000-6,000 words" and can "[r]ead at [a] rate of 190-215 words per minute"; "[r]ead adventure stories and comic books, looking up unfamiliar words in dictionary for meaning, spelling, and pronunciation"; "[r]ead instructions for assembling model cars and airplanes"; "[w]rite compound and complex sentences, using cursive style, proper end punc[t]uation, and employing adjectives and adverbs"; and "[s]peak clearly and distinctly with appropriate pauses and emphasis, correct punc[t]uation, [and] variations in word order, using present, perfect, and future tenses." <u>Id.</u>

Here, the ALJ made no explicit findings of fact regarding Plaintiff's language skills. But he questioned Plaintiff about her education and language skills at the hearing, AR 43, and noted in his decision that she reported having

a sixth-grade education and the ability "to read and write in Spanish and a little in English," AR 29.[2] The ALJ also noted that Plaintiff "testified with the assistance of a Spanish language interpreter." AR 25.[3] The VE was present for Plaintiff's testimony, see AR 41-42, and he testified that he had reviewed Plaintiff's vocational record, AR 58. Although the ALJ's hypotheticals to the VE did not specifically address Plaintiff's language skills, they did include her "educational background." See AR 58-60. And the VE also acknowledged that Plaintiff had "somewhat limited English skills." AR 60.

Based on the foregoing, the VE's testimony that a person with Plaintiff's educational background[4] could perform the job of sewing-machine operator conflicted with the DOT because that job involves Level 2 language skills. See DOT 787.682-046, 1991 WL 681100. This conflict required an explanation.

In Pinto, the Ninth Circuit found that an ALJ erred in noting the claimant's inability to speak English in both his findings of fact and hypothetical to the VE, but he "failed to explain how this limitation related to his finding that [the claimant] could perform her past relevant work as generally performed." 249 F.3d at 847. The Ninth Circuit held that "in order for an ALJ to rely on a job description in the Dictionary of Occupational Titles that fails to comport with a claimant's noted limitations, the ALJ must

---

[2] Plaintiff also reported to her orthopedic surgeon in April 2011 that "[s]he completed the 6th grade." AR 404. As Plaintiff notes, the record does not reflect whether she completed the sixth grade in Mexico or the United States. See JS at 8 n.5.

[3] Plaintiff's medical records indicate that she spoke in Spanish or used an interpreter with many of her physicians. See, e.g., AR 227, 326, 397, 555.

[4] "Since the ability to speak, read and understand English is generally learned or increased at school, [the Social Security Administration] may consider this an educational factor." 20 C.F.R. § 404.1564(b)(5).

6

definitively explain this deviation." Id.

Likewise, in Aranda v. Astrue, the ALJ found, based on the VE's testimony, that the plaintiff was able to perform her past relevant work as a sewing-machine operator as generally, but not actually, performed, despite having only "completed third grade in Mexico and 40 hours of English as a second language." No. 12-3639, 2013 WL 663571, at *2 (C.D. Cal. Feb. 22, 2013). The court found an apparent inconsistency between the VE's testimony and the DOT due to plaintiff's "marginal" education. Id. Because the VE and ALJ did not explain the deviation from the DOT, the court remanded the action "for clarification as to how [the plaintiff's] language skills factor[ed] into her disability determination." Id. at *2-3.

Here, Plaintiff's sixth-grade education would also be considered "marginal." See 20 C.F.R. § 404.1564(b)(2) ("Marginal education means ability in reasoning, arithmetic, and language skills which are needed to do simple, unskilled types of jobs. We generally consider that formal schooling at a 6th grade level or less is a marginal education."). And the VE offered no explanation for the deviation from the DOT. While the ALJ "determined that the testimony provided by the vocational expert is consistent with the information contained in the DOT," AR 33, he failed to discuss this apparent conflict.

The Commissioner argues that substantial evidence nevertheless supports the ALJ's finding that Plaintiff could do the work of a sewing-machine operator as generally performed because Plaintiff was able to work as a sewing-machine operator for over two decades despite her limited English skills. See JS at 11-13. Courts have routinely rejected similar arguments. See, e.g., Mora v. Astrue, No. 07-1527, 2008 WL 5076450, at *4 (C.D. Cal. Dec. 1, 2008) (finding that Commissioner's "conclusory statement" that plaintiff had worked as hotel maid in past showed that she could perform very similar job

despite illiteracy "is not persuasive evidence to support a deviation from a DOT requirement"); see also Obeso v. Colvin, No. 15-00151, 2015 WL 10692651, at *16 (E.D. Cal. Apr. 20, 2015) ("The Ninth Circuit . . . has already resoundingly rejected the argument that a claimant's previous[] performance of work requiring a higher language level somehow excused the ALJ from explaining how the claimant's language limitations would impact her ability to find and perform a similar job or the requirements of the jobs identified by the VE.").

Plaintiff's limited ability to speak, read, or write English does not by itself make her disabled. See Pinto, 249 F.3d at 847 ("A claimant is not per se disabled if he or she is illiterate."). Indeed, Plaintiff's past relevant work is a testament to her employability despite her limited ability to communicate in English. See Donahue v. Barnhart, 279 F.3d 441, 445-46 (7th Cir. 2002) (rejecting per se rule that illiteracy rendered plaintiff disabled and noting that he "had a job for a long time despite his poor reading skills"); Landeros v. Astrue, No. 11-7156, 2012 WL 2700384, at *5 (C.D. Cal. July 6, 2012) (noting that finding plaintiff was per se disabled because of her inability to speak English would be "illogical" and "belied by [p]laintiff's former gainful employment as a factory helper"). That said, "[i]lliteracy seriously impacts an individual's ability to perform work-related functions such as understanding and following instructions, communicating in the workplace, and responding appropriately to supervision." Pinto, 249 F.3d at 846. More importantly, where an ALJ relies on a job description in the DOT that fails to comport with the claimant's noted limitations, the ALJ must offer an explanation for the deviation. See id. at 847.

Finally, the Commissioner argues that the ALJ properly relied on the VE's testimony because the VE was aware of Plaintiff's "somewhat limited English skills," JS at 12 (citing AR 60), and "[a] VE is a reliable source of

occupational information, and can provide more specific information about jobs than the DOT," id. (citing SSR 00-4p, 2000 WL 1898704, at *3). First, the VE asked if he should consider language skills in response to a hypothetical involving other jobs that exist in the national economy, which is relevant only to a step-five analysis. See AR 60. It is thus far from clear whether the VE took Plaintiff's language skills into account when responding to the hypotheticals involving her past relevant work.[5] Second, the VE did not provide persuasive evidence regarding his experience to support a deviation from the DOT. See Tommasetti v. Astrue, 533 F.3d 1035, 1042 (9th Cir. 2008) (finding error where "ALJ did not identify what aspect of the VE's experience warranted deviation from the DOT, and did not point to any evidence in the record other than the VE's sparse testimony for the deviation"); cf. Hunter v. Astrue, 254 F. App'x 604, 606 (9th Cir. 2007) ("The ALJ here properly relied on the VE's testimony that in his experience, not all security guard jobs required extensive writing skills."); Buckner-Larkin v. Astrue, 450 F. App'x 626, 628 (9th Cir. 2011) ("The vocational expert noted that although the DOT does not discuss a sit-stand option, his determination was based on his own labor market surveys, experience, and research."). The Court may review "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th

---

[5] The Ninth Circuit has not resolved "the question of whether illiteracy may properly be considered at step four of a disability determination." See Pinto, 249 F.3d at 846 n.5 (noting that the "regulations point in contradictory directions on this question"). The Commissioner does not argue that the Social Security Administration need not consider a claimant's language skills at step four. See 20 C.F.R. § 404.1560(b)(3) ("If we find that you have the residual functional capacity to do your past relevant work, we will determine that you can still do your past work and are not disabled. We will not consider your vocational factors of age, education, and work experience or whether your past relevant work exists in significant numbers in the national economy.").

9

Cir. 2007).

**D.     <u>Remand for Further Proceedings Is Appropriate</u>**

The decision whether to remand for further proceedings is within this Court's discretion. <u>Harman v. Apfel</u>, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (as amended). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. <u>Id.</u> at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); <u>Benecke v. Barnhart</u>, 379 F.3d 587, 593 (9th Cir. 2004).

A remand is appropriate, however, where there are outstanding issues that must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. <u>Bunnell v. Barnhart</u>, 336 F.3d 1112, 1115-16 (9th Cir. 2003); <u>see also</u> <u>Garrison v. Colvin</u>, 759 F.3d 995, 1021 (9th Cir. 2014) (explaining that courts have "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."). Here, remand is appropriate for the ALJ to fully and properly assess how Plaintiff's language skills factor into his disability determination.[6] <u>See</u> <u>Aranda</u>, 2013 WL 663571 at *3.

///
///
///
///

---

[6] The Court makes no finding as to whether Plaintiff possesses the languages skills to perform her past relevant work.

10

## III.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the action is REMANDED for further proceedings.

Dated: June 21, 2017

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge